SAMUEL BLACK, ET AL., *v.* JOHN WALKER, ET AL.

**Cities—Public Improvements—Power—Defense.**
>   Cities, in conformity with their charters, have power to cause alleys and streets to be improved either upon petition or without it.

**Public Improvements.**
     An alley is a public highway.

**Defense.**
     It is no defense to a suit brought by a contractor to recover assess-
ments for improvements made, that the real estate assessed had been
assessed for other public improvements.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 26, 1874.

OPINION BY JUDGE PRYOR:

There is no doubt but what the alley improved is a public alley,
and if the improvement made is authorized by the city charter,
and its provisions complied with, there is no reason why the prop-
erty-owners should not be responsible for the costs. That the city
council failed to improve to the extent asked for by the petitioners
is no reason why they should be relieved from the tax; the council
had the power to order the improvement without any petition, and
having done so in the manner provided by the charter, the tax
should be enforced. The contract was made and performed by the
appellants in strict compliance with the law, and no reason appears
for withholding from them their money. The rule of the charter
is that the costs shall be charged to the quarter-square binding on
the improvement, 13th and 17th streets, designated by some as
alleys and others as streets; if streets, there is no difficulty in mak-
ing the assessment as provided by the charter and ordinance. The
assessment as made in this case is against the property fronting or
binding on the improvement, as provided by the old charter. The
ordinance directing the mode of taxation must be complied with.
Where the apportionment is improperly made, it is the duty of the
court to correct it. Sec. 12, city charter, provides that the general
council, of the courts in which the suits are pending, shall make all
corrections, to do justice to the parties concerned. If the ordinance
has been complied with in every other respect, as has been done in
this case, and the property-owner is made to pay too much by the
apportionment, the chancellor should make him pay only the amount
for which he is liable. That the property included in the quarter-
square has been taxed to make other improvements is no reason
why it should be exempt from taxation in this case. In this case
the city had the power to make the improvement. The contractors
have performed their contract and must have their money. The

judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*Alex G. Booth, for appellants.*
*J. T. White, T. L. Burnett, for appellees.*